UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUISA ESPOSITO

                                       Plaintiff      COMPLAINT
                                                                          JURY TRIAL DEMANDED

  -Against-

CITY OF NEW YORK, NEW YORK CITY
BOARD OF EDUCATION, CITY SCHOOL
DISTRICT OF NEW YORK, JEROD RESNICK,
*in his, individual capacity,* and PHILIP
SCHRANK, *in his individual capacity,*

                                       Defendants
------------------------------------------------------------X

Plaintiff, LUISA ESPOSITO, by her attorneys, LAW OFFICES OF AMBROSE WOTORSON, alleges as follows:

I.    INTRODUCTION

1. This is an action pursuant to 29 U.S.C. Sections 2601, *et seq*. to vindicate the Family Medical Leave Act (herein "FMLA") rights of plaintiff. Plaintiff contends that defendants discriminatorily altered the terms, conditions, and privileges of her municipal employment in violation of the FMLA without any rational basis.

II.    JURISDICTION

2. This Court has jurisdiction over this action under 29 U.S.C. Sections 2601, *et seq*. and 42 U.S.C. Section 1983. Venue is proper, as the operative events occurred within this judicial district.

III.    PARTIES

3. LUISA ESPOSITO (hereinafter, "plaintiff") who resides in Nassau County, New York, hereby sues in on her own behalf, and at all relevant times, she was

1

employed with defendants as a teacher with the Graphic and Communication Arts High School.

4.	Defendants, CITY OF NEW YORK, NEW YORK CITY BOARD OF EDUCATION, CITY SCHOOL DISTRICT OF NEW YORK (hereinafter, "municipal defendants") are state actors for 42 U.S.C. Section 1983 purposes, and they may sue and be sued, and their principal place of business is in New York County, New York. At all relevant times, municipal defendants employed plaintiff as a Spanish teacher. Defendants are being sued for having violated plaintiff's FMLA and civil rights while acting under color of state law and/or acting pursuant to its own practices, customs and policies.

5.	Defendants, JEROD RESNICK, *in his, individual capacity,* and PHILIP SCHRANK, *in his, individual capacity,* at all relevant times, were employed by the municipal defendants as the Principal and Assistant Principal, respectively, at the Graphic Communications Arts High School in New York City. They are herein sued in their individual capacities for violating plaintiff's protected FMLA and civil rights while acting under color of state law and/or while acting pursuant to practices, customs and policies of municipal defendant. The individual defendants' residences are unknown at this time.

IV.	FACTUAL AVERMENTS

6.	State remedies for defendants' adverse employment actions against plaintiff are wholly inadequate as a matter of law in light of municipal, custom, practice and policy.

2

8. Plaintiff's performance has been "satisfactory" at all relevant times since her employment began with municipal employment in 1997, except for at least one utterly false and pretextual evaluation designed to mask defendants' animus toward her because of her need for FMLA-qualifying leave.

9. Indeed, the terms, conditions, and privileges of plaintiff's municipal employment have been adversely affected, and her FMLA rights and her other protected civil rights were willfully violated in the following ways:

   a. Plaintiff was initially employed by municipal defendants in 1997.

   b. Plaintiff began working as the Graphic Communications Arts High School in the 2001, as a Spanish teacher.

   c. At all relevant times, plaintiff's performance was satisfactory, as evidenced by her yearly written performance evaluations.

   d. On or about January 2003, defendant, JEROD RESNICK, began to work at the Graphic Communications Arts High School as the Principal.

   e. Throughout plaintiff's employment, plaintiff's husband suffered from several serious medical conditions, including diabetes, multiple hip replacements, congestive heart failure, and chronic alcoholism. Indeed, he was given a pacemaker and defibrillator, and he was unable to walk, such that it was left to plaintiff to transport him to and from various clinics and hospitals.

f.  At least one former Principal at the Graphic Communication Arts High School was made well aware of the conditions of plaintiff's husband.

g.  In early March 2003, plaintiff's husband's condition unforeseeably worsened, and he was hospitalized.

h.  On or about March 28, 2003, plaintiff sought to take an unforeseeable leave of absence to help care for her ailing husband, whom, according to a heart specialist, now suffered from "cardiomyopathy and heart failure." Plaintiff sought this leave of absence by filing out documents given to her by Bonnie Thomas, an administrator, and one of defendants' agents.

i.  The document which plaintiff filled out to obtain a leave of absence was entitled "Application of City District instructional staff member for leave of absence without pay." (Hereinafter, "leave application.").

j.  This leave application sought information on whether the applicant sought a leave of absence for child care purposes, or to care for a family member. The application also sought information concerning the "technical designation" of the serious medical condition, and sought verification of the same by a physician.

k.  Upon information and belief, the aforementioned "leave application" was sufficient to determine if an applicant had a FMLA-qualifying need for a leave of absence.

l.  Upon information and belief, defendants typically used the instant leave application to determine FMLA-qualifying leaves of absence.

m.  However, the leave application in question also contained a wholly illegal provision which claimed, amongst other things, that any applicant for such leave automatically agreed to terminate her own employment upon taking such leave.

n.  This provision, as written, is a willful violation of the FMLA.

o.  Plaintiff submitted the leave application to defendants on March 28, 2003.

p.  Yet, on March 31, 2003, plaintiff received a letter from Philip Schrank, the Assistant Principal of Graphic Communication Arts High School, which purported to terminate her employment because she had allegedly "abandoned" her teaching position, in part, to help to care for her ailing husband.

q.  Upon information and belief, Schrank's actions occurred with the full imprimatur of the school's Principal, Jerod Resnick.

r.  On May 14, 2003, defendants, through Bonnie Thomas, told plaintiff that she had failed to sign the provision off the application which called for her to automatically terminate her own employment when she took a leave of absence. According to Thomas, plaintiff's request for leave to care for her ailing husband

5

        would be approved, once she submitted an application that was signed.

s. Thus, plaintiff promptly resubmitted the leave application, with her signature, by facsimile, on May 14, 2003, the same day that she spoke with Bonnie Thomas.

t. Yet, at no time afterwards, did plaintiff receive any communication stating that her leave had been approved or that she was free to return to work. In fact, on or about June 20, 2003, defendant, Jerod Resnick, gave plaintiff an unsatisfactory rating, in part, because she took time off to assist in caring for her husband as he suffered from serious medical conditions.

u. Upon information and belief, defendants have permitted other teachers within the school district to take time off to deal with serious medical conditions of their immediate family members without being terminated, and without receiving an unsatisfactory performance rating. Defendants are unable to offer any rational basis for this disparate treatment.

10. Defendants' arbitrary, discriminatory and illegal actions were undertaken pursuant to municipal defendants' customs, practices and policies.

11. Moreover, plaintiff's rights are clearly established, and reasonable persons employed by municipal defendants are aware of these rights, or have reasons to be so aware of these rights.

12. As a further proximate result of defendants' arbitrary, discriminatory and illegal acts towards plaintiff, plaintiff will suffer a loss of earnings, bonuses and other employment benefits. Indeed, plaintiff has been forced to file for bankruptcy, in part, because of defendants' behavior towards her.

13. As a further proximate result of defendants' arbitrary, discriminatory and illegal actions towards plaintiff, plaintiff has suffered impairment and damage to plaintiff's good name and reputation.

14. As a further proximate result of defendants' arbitrary, retaliatory, discriminatory and illegal actions towards plaintiff, plaintiff has suffered mental anguish and emotional injury.

15. As a further proximate result of defendants' arbitrary, discriminatory and illegal actions towards plaintiff, plaintiff has been unable to find comparable employment.

16. Individual defendant's arbitrary, discriminatory, illegal actions were willful, outrageous and were malicious, and were intended to injure plaintiff, and were done with reckless indifference to plaintiff's protected rights, entitling plaintiff to punitive and/or liquidated damages.

V. CAUSES OF ACTION

FIRST CAUSE OF ACTION

17. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

18. The defendants violated the Due process, Liberty Interest, and Equal protection clauses of the Fourteenth Amendment of The United States Constitution by

7

terminating plaintiff from her government position without any rational basis, and in so doing, treated plaintiff differently from other municipal employees who have serious medical conditions, but are not terminated. These violations are made actionable through 42 U.S.C. Section 1983.

### SECOND CAUSE OF ACTION

19. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

20. Defendants willfully violated 29 U.S.C. Sections 2601 *et seq.* by denying, opposing and generally burdening plaintiff's rights to 12 weeks worth of leave from plaintiff's employment due to a serious medical condition of her husband.

### THIRD CAUSE OF ACTION

21. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

22. Individual defendants violated the New York City Human Rights Law and the New York State Human Rights Law by discriminating against plaintiff because of her disability, by failing to honor her requests for a reasonable accommodation and by terminating her employment.

VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant to her judgment containing the following relief:

   a.   Reinstatement;

      b.      An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

      c.      An award of punitive and/or liquidated damages to be determined at the time of trial;

      d.      An award of reasonable attorney fees and the costs of this action;

      e.      Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       July 11, 2005

                            Respectfully Submitted,
                            Law Offices of Ambrose Wotorson, P.C.

                            By_____/s/_____
                            Ambrose W. Wotorson (AWW—2412)
                            26 Court Street
                            Suite 1811
                            Brooklyn, New York 11242

                            718-797-4861